# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
|    Kona L. Taylor | : | Chapter 13 |
| | : | Case No.: 21-11281-MDC |
|    Debtor(s) | : | |

## ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY

**AND NOW,** this _____ day of _____, 2022, upon consideration of the Motion for Authority to Sell Real Property filed by the debtor, upon notice to all interested parties, upon the filing, and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

**ORDERED,** that the debtor is granted permission to sell their real property located at 4451 Glenwood Drive, Perkiomenville, PA ("Property"), for the sale price of $273,200, pursuant to the terms of a certain real estate agreement of sale dated as of July 8, 2022, to the buyers thereunder, Ryan E. Klosinski and Colton J. Hagar ("Buyer"), who has been represented to be purchasing the Property at arms-length.

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the approximate following manner:

1. Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters     $1,366
2. Liens paid at closing-     $180,000
3. Real estate taxes, sewer, trash and/or other such items     $2,732
4. Property repairs, if any     $_____
5. Real estate commission, at no greater than 6%     $16,392
6. Attorney's fees, if any     $_____
7. Any small (less than $300) allowances agreed to be made to Buyer to settle any unforeseen dispute arising at settlement     $_____

|   |   |   |
|---|---|---|
| 8. | Other | $ _____ |
|    | ESTIMATED AMT DUE TO SELLER(S) | $ 72,710 |

This Order is contingent upon the mortgage lien(s) held by Pennsylvania Housing Finance Agency being paid in full at closing pursuant to a proper payoff quote obtained prior to and good through the closing date; or any short payoff is approved by Pennsylvania Housing Finance Agency; and Debtor shall have ninety (90) days from entry of this Order to sell the Property.

After paying all liens in full and all costs of sale, the title clerk shall pay to Kenneth West, Chapter 13 standing trustee, the balance of the filed unsecured claims after the Debtor receives her sale proceeds in the minimum amount of her exemption amount of $25,150.00. Any remaining sale proceeds shall be paid to the Debtor.

The title clerk shall fax a completed HUD-1 or settlement sheet from the closing directly to the trustee immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed.

Upon trustee approval, the title clerk shall fax a copy of the disbursement check to the trustee, and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

Per Bankruptcy Rule 6004(h), the 14 day stay as to effect of this Order is hereby waived.


**BY THE COURT**


_____
**HONORABLE MAGDELINE D. COLEMAN**
**CHIEF U.S. BANKRUPTCY JUDGE**